UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECTOR FERREIRA, ) | NO. ED CV 05-1129-CT |
| ) | |
| Plaintiff, ) | OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On December 14, 2005, plaintiff, Ector Ferreira ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On January 6, 2006, the parties filed a consent to proceed before the magistrate judge. On April 4, 2006, plaintiff filed his brief in support of remand or reversal. On April 28, 2006, the Commissioner

filed a brief in opposition to the relief requested in the complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On August 7, 2002, plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since July 2, 2002 due to emotional distress, constant pain, breathing problems and anxiety. (TR 7-73, 82).[1] The application was denied initially and upon reconsideration. (TR 30-33, 35-39).

On May 13, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 41). On November 20, 2003, plaintiff, appeared and testified before an ALJ.[2] On December 19, 2003, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits. (TR 24-29). On December 30, 2003, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 54). On March 5, 2004, the Appeals Council remanded the case to the ALJ. On July 22, 2005, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 325-350). The ALJ also considered vocational expert ("VE") testimony. On August 26, 2005, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, because plaintiff could perform a range of sedentary work. Thus, plaintiff was not eligible for benefits. (TR 11-15). On September 19, 2005, plaintiff filed a request with the Social Security Appeals Council to review the

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

[2] The transcript of the November 20, 2003 hearing apparently was not available for inclusion in the record.

2

ALJ's decision. (TR 6). On October 24, 2005, the request was denied. (TR 3-5). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. <u>Summary Of The Evidence</u>

The ALJ's decisions are contained in the administrative record (TR 11-15, 24-29) and, except as otherwise noted, materially summarize the evidence in the case.

<u>PLAINTIFF'S CONTENTIONS</u>

Plaintiff contends as follows:

1. The ALJ erred by failing to resolve the conflict between the VE and the Dictionary of Occupational Titles ("DOT");
2. The ALJ erred by failing to address the testimony of plaintiff's clinical therapist; and,
3. The ALJ erred by failing to properly consider the side effects of plaintiff's medication.

<u>STANDARD OF REVIEW</u>

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v.</u>

3

Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995).

The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## DISCUSSION

### 1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

1  Fourth, if the impairment does not meet or equal a "listed
2  impairment," it is determined whether the impairment prevents the person
3  from performing past relevant work. If the person can perform past
4  relevant work, benefits are denied.
5  Fifth, if the person cannot perform past relevant work, the burden
6  shifts to the Commissioner to show that the person is able to perform
7  other kinds of work. The person is entitled to benefits only if the
8  person is unable to perform other work. 20 C.F.R. § 416.920; Bowen v.
9  Yuckert, 482 U.S. 137, 140-42 (1987).

10  2. Issues

11  A. Conflict Between the VE and the DOT

12  Plaintiff correctly contends that the ALJ concluded that plaintiff
13  is restricted to sedentary work. Plaintiff argues that the jobs
14  identified by the VE as capable of being performed by plaintiff in the
15  sedentary range require the ability to perform medium work according to
16  the DOT.

17  In this case, the VE concluded that a hypothetical person with
18  plaintiff's limitations could perform various simple assembler jobs such
19  as table worker and hand packager. The VE testified that these jobs
20  were in the sedentary range. (TR 348).

21  While the best source for how a job is generally performed is the
22  DOT (Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001), an ALJ may
23  rely on expert testimony which contradicts the DOT. Johnson v. Shalala,
24  60 F.3d 1428, 1435 (9th Cir. 1995). However, to do so, the record must
25  contain persuasive evidence to support the deviation. Id.

26  While the VE did not identify the jobs by the specific numbers used
27  in the Dictionary of Occupational Title (DOT), other vocational evidence

28
5

in the record shows the DOT number for table workers, and indicates that the job is sedentary (TR 93, 102). Therefore, even if the VE's testimony about the other jobs was ambiguous, or, as plaintiff contends, in conflict with the DOT, the job of table worker was supported by substantial evidence.

Moreover, the VE testified that these jobs existed "well in excess of 10,000 (jobs) in the sedentary range" (TR 348), and identified the local regional areas of Los Angeles, Orange, Riverside and San Bernardino Counties (TR 3498). Such evidence has been found to be persuasive in overcoming any deviations between a VE testimony and the DOT. See Johnson v. Shalala, 60 F.3d 1428, 1434-1435 n.7 (9th Cir. 1995) (testimony of available job categories in the local rather than national market constituted persuasive testimony sufficient to overcome deviation from the DOT).

The ALJ properly fulfilled his obligation to determine plaintiff's occupational base by consulting a VE regarding whether a person with plaintiff's profile could perform substantial gainful activity. See Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). Because the VE testified that plaintiff could perform at least one job that existed in sufficient numbers in the local economy, substantial evidence supported the ALJ's finding that plaintiff was not disabled. Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).

B. Clinical Therapist

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of his clinical therapist, whose signature appears on clinical notes assessing him on March 31, 2003. (TR 266-73).

1   A treating physician's opinion generally is entitled to great weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)); Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Andrews v. Shalala, 53 at 1041 (citing Magallanes v. Bowen, 881 F.2d at 751). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527.

The record in this case reveals that in July 2002, plaintiff sustained a gunshot wound to the neck for which he had surgery, including a tracheotomy. (TR 109).[3] Plaintiff complains that the ALJ ignored the assessment of the clinical therapist from whom he sought mental health treatment.

Among other things, these notes reflect that plaintiff was trying to apply for SSI (TR 268) and that he was referred to SSI lawyers. (TR 271). They reflect that plaintiff's paranoid delusions are "legitimate due to shooting" (TR 272) and that he is "improving with medication." (TR 266). The record also reflects that he has been diagnosed as abusing amphetamine and alcohol. (TR 252-53).[4]

---

    [3] **This court assumes, as the parties apparently have, that the medical records in the administrative record are plaintiff's. However, many of the medical records in the record bear the name "Eduardo Cruz or Patrick Doe." (See e.g. TR 107-110, 113-32, 135-195).**

    [4] The Act provides that "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug abuse would (but for this paragraph) be a

7

1    There is no indication that this one time assessment in March 2003
2 was intended to reflect plaintiff's inability to work for at least 12
3 months, as disability is defined by the Act.  Furthermore, the ALJ <u>did</u>
4 consider the treatment notes and opinion of Dr. Barilo, the psychiatrist
5 who treated and evaluated him at the same clinic.  (TR 26-27; 257-62;
6 276-77).  Moreover, it is the responsibility of the ALJ, not plaintiff's
7 clinical therapist, to determine plaintiff's residual functional
8 capacity. <u>Vertigan v. Halter</u>, 260 F. 3d 1044, 1049 (9th Cir. 2001).

9    The ALJ did not materially err by failing to articulate
10 consideration of this assessment.

11       C.   <u>Medication</u>

12    Plaintiff contends the ALJ did not consider the side effects of his
13 medication. Specifically, plaintiff argues that Restoil causes dizziness
14 and blurred vision and Vicodin causes anxiety and mood changes.  (TR
15 87).

16    "Passing mention" of side effects of medication in the record does
17 not require inclusion of side effects in the hypothetical question posed
18 to the VE.  <u>Osenbrok v. Apfel</u>, 1157, 1164 (9th Cir. 2001).  Moreover,
19 side effects not "severe enough to interfere with [plaintiff's] ability

---

contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).  <u>See</u> H.R.Rep. No. 104-379, at 17 (1995) (explaining that the elimination of benefits for alcoholics and drug addicts eliminates "a perverse incentive that affronts working taxpayers and fails to serve the interests of addicts and alcoholics, many of whom use their disability checks to purchase drugs and alcohol, thereby maintaining their addictions"); <u>see also</u> <u>Ball v. Massanari</u>, 254 F.3d 817, 824 (9th Cir. 2001) (stating that "[t]he government seeks through the legislation [Public Law 104-121] to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy").

1 | to work" are also properly excluded from hypotheticals to the VE.  <u>Id.</u>
2 | A proper hypothetical may exclude limitations claimed by plaintiff but
3 | which the ALJ finds do not exist based on substantial evidence.  <u>Rollins</u>
4 | <u>v. Massanari</u>, 261 F. 3d 853, 857 (9th Cir. 2001).
5 |     Here, plaintiff has not identified evidence in the administrative
6 | record demonstrating he was prescribed these medications, or their
7 | generic equivalents, for anything other than a brief time period.  The
8 | ALJ did not materially err by not specifically considering the alleged
9 | side effects of plaintiff's medications.

## CONCLUSION

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner.  <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: May 11, 2006

                               / S /
                            CAROLYN TURCHIN
                            UNITED STATES MAGISTRATE JUDGE